# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jared Rapp, individually and on behalf of and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Green Tree Servicing, LLC, a Delaware limited liability company, Green Tree Insurance Agency, Inc., a Minnesota corporation, Assurant, Inc., a Delaware corporation, and American Bankers Insurance Company of Florida, a Florida corporation,<br><br>Defendants. | Civil No. 12-2496 (PJS/FLN)<br><br>**ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER** |

Pursuant to the parties' Stipulation for Protective Order [Document No. 60], it is hereby ordered that the parties shall abide by the terms listed as follows:

Upon stipulation of the parties for an order pursuant to Fed. R. Civ. P. 26(c) that confidential information be disclosed only in designated ways:

1.  As used in the Protective Order, these terms have the following meanings:

    "Attorneys" means counsel of record;

    "Confidential" information is information and/or documents designated pursuant to paragraph 2;

    "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

    "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

"Written Assurance" means an executed document in the form attached as Exhibit A.

2.  A Party may designate information or documents "Confidential," if the material contains trade secret information, confidential business information, private personal information, or other information that qualifies for protection under Fed. R. Civ. P. 26(c), and the material is not otherwise in the public domain.  Any material provided to and/or obtained by a Receiving Party, whether through informal investigation or formal discovery, and not subject to this Protective Order shall not be deemed to be Confidential merely because the Producing Party produces the same material and labels it "Confidential"; *however*, any information otherwise deemed Confidential by a Producing Party that is obtained through unlawful means or in violation of any confidentiality agreement, protective order, or other agreement shall be deemed to be Confidential.

3.  All Confidential information, including any documents designated Confidential and any information contained in such documents, shall be used solely for the purpose of this action, and no person receiving such information or documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the information, documents or their contents to any person other than those specified in paragraph.  Any other use is prohibited.

4.  Access to any Confidential information or document shall be limited to:

    (a) the Court and its staff;

    (b) Attorneys, their law firms, and their Outside Vendors;

  (c) persons shown on the face of a document to have authored or received it;

  (d) court reporters retained to transcribe testimony;

  (e) the parties;

  (f) outside independent persons (<u>i.e.</u>, persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action;

  (g) any other person agreed to in writing by the parties.

5. Third parties producing documents in the course of this action may also designate documents as "Confidential," subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

6. Each person appropriately designated pursuant to paragraphs 4(f)-(g) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose Confidential information or documents are sought

to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

7. Any person receiving Confidential information ("Receiving Party") shall maintain the Confidential information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all Confidential information.

8. In the event that a Receiving Party is served with a subpoena, court order, or any request from a third party that would compel disclosure of any Confidential Information, the Receiving Party must notify the party that produced the materials ("Producing Party") in writing within five (5) calendar days of receipt of such subpoena, court order, or request. Such notification must include a copy of the subpoena, court order, or other form of request. The party receiving the subpoena, court order, or request must also immediately inform the third party who served the subpoena, court order, or request that the information sought is subject to this Protective Order, and shall cooperate with the Producing Party in order to give the Producing Party the opportunity to intervene and/or seek judicial protection from the enforcement of the subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

9. In the event Confidential information is inadvertently disclosed to a third party other than those identified in paragraph 4 of this Protective Order, such disclosure shall be reported in writing to the Producing Party within five (5) business days of the

discovery of such disclosure. Counsel for the party who made the disclosure must make all reasonable efforts to retrieve the Confidential information and/or to confirm that all copies of the Confidential information in the third party's possession have been destroyed.

10. All depositions or portions of depositions taken in this action that contain Confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" information. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 30 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 30-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

11. Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents. The inadvertent failure to designate Confidential information as "Confidential" shall not operate as a waiver of a Party's right to thereafter designate the information as Confidential prior to trial.

12. Pursuant to this Stipulated Protective Order, any Party may file any Confidential information under seal. The Party filing Confidential information under seal shall file a redacted placeholder in lieu of the actual Confidential information. If any Party or non-party to this Protective Order contends that materials or information filed under seal pursuant to this Paragraph 12 are not properly designated as Confidential information under Paragraph A. 2. of this Stipulated Protective Order, such Party or non-party may file a motion to unseal the Confidential information and the Party who originally designated the information or materials as Confidential shall bear the burden of demonstrating that the material is appropriately designated as Confidential. Prior to disclosure at trial or a hearing of materials or information designated "Confidential," the parties may seek further protections against public disclosure from the Court.

13. This Protective Order shall be without prejudice to the right of any party to oppose production of any information for any reason other than confidentiality, or to seek to modify the limits on disclosure or protection of Confidential Information beyond those provided by the terms of this Protective Order.

14. Any party may request a change in the designation of any information designated "Confidential." Any such document shall be treated as Confidential until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of

proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

15. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

16. Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

17. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

18. Consistent with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, if a party inadvertently produces or provides information subject to the attorney-client privilege, attorney work product doctrine, or other applicable privilege or immunity, the disclosure of the inadvertently disclosed information is not and will not be construed or deemed to be a general or specific waiver or forfeiture of any such privilege, immunity or work product protection, in this or any other state or federal proceeding, that the Producing Party would otherwise be entitled to assert with respect to

7

the inadvertently disclosed information and its subject matter. Where it appears on its face that the information was inadvertently disclosed, or the Producing Party informs the Receiving Party that privileged or other protected information has been disclosed, the Receiving Party or Parties (i) must promptly return or destroy the specified information and any copies thereof, (ii) must not use or disclose the information until the claim of privilege or other protection is resolved, (iii) must take reasonable steps to retrieve any such information that was disclosed or distributed before the Receiving Party was notified of the claim of privilege or other protection and prevent any further dissemination of the information, and (iv) may promptly present the information to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party must preserve the information until the claim is resolved.

19. The obligations imposed by the Protective Order shall survive the termination of this action.

Dated: May 22, 2013                                BY THE COURT:

                                                   *s/ Franklin L. Noel*
                                                   Franklin L. Noel
                                                   United States Magistrate Judge